**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KANG YANG,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-72386<br><br>Agency No. A200-262-592<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2018[**]
Pasadena, California

Before:  FISHER and CHRISTEN, Circuit Judges, and SHEA,[***] District Judge.

Kang Yang ("Yang") petitions for review of the Board of Immigration

Appeals' ("the Board") dismissal of his appeal of an Immigration Judge's ("IJ")

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review eligibility for asylum for substantial evidence. *See INS v. Elias Zacarias*, 502 U.S. 748, 481 (1992). We grant the petition for review and remand.

1. Compelling evidence demonstrates the Board incorrectly determined Yang failed to demonstrate past persecution. This case closely resembles *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004), where we concluded the petitioner – Jian Guo ("Guo") – established past persecution. Guo was arrested while attending services at a house church, detained for a day and a half, struck twice in the face, kicked in the stomach and forced to sign a document renouncing his Christian faith. *Id.* at 1197. Similarly, Yang was arrested while attending services at a house church, detained for two days, struck with great force on his leg (causing it to swell and ooze yellow fluid), and prohibited from attending the house church. Yang therefore demonstrated past persecution.[1]

---

[1] The Board attempts to distinguish *Guo* because Guo was arrested and detained a second time. The second detention lasted 15 days, during which Guo was tied to a chair and beaten with a plastic pole. Its reasoning is not persuasive. In *Guo*, we held the circumstances surrounding the first arrest and detention, even taken alone, established past persecution. *See Guo*, 361 F.3d at 1203 ("Mr. Guo was physically harmed during his first detention. Mr. Guo was detained for a day and a half and coerced into signing a document saying he would no longer believe in Christianity. The totality of the circumstances compels a finding that *Mr. Guo was persecuted during his first detention* because of his religious beliefs." (emphasis added)).

The Board's reliance on *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), where we concluded the petitioner – Xiaoguang Gu ("Gu") – failed to establish past persecution, is not persuasive. First, Gu was struck ten times with a rod, but the strikes left only temporary red marks, requiring no medical attention. *See id.* at 1018. Yang, on the other hand, was struck with such force that his left leg became swollen, oozed yellow fluid and required medical attention after his release. Second, although Gu was detained for one day longer than Yang, *see id.*, Yang was only able to secure his release after his mother paid a 3,000-yuan fine. Third, the police lost interest in Gu after he reported back to them four or five times. *See id.* But the police continued to harass Yang's mother and demand Yang report to them many months after his arrest and detention, including after he departed China for the United States. Most importantly, in contrast to both Guo and Yang, Gu did not face a state-imposed limitation on his right to practice his religion. *See id.* at 1020-21 ("[T]here is no suggestion in the record that Gu was disallowed from meeting with and discussing his religion or disallowed from praying or worshiping outside his home. Other than ongoing prohibition on distribution of contraband religious tracts, there is no evidence in the record regarding any state-imposed limitation on his right to practice his religion.").

Similar to its reliance on *Gu*, the Board's reliance on *Prasad v. INS*, 47 F.3d 336 (9th Cir 1995), is not persuasive. Prasad was detained by a group of ethnic Fijians and questioned regarding his support for the ethnic Indian-led Labour Party. *See id.* at 339. But Prasad's detention was brief, he did not require medical attention for any injuries and he was released without being charged with a crime. *See id.* There was also no evidence that the government had any continuing interest in Prasad. *See id.* Finally, Prasad was not explicitly threatened with further arrests and detentions if he continued support the Labour Party. *See id.*[2]

2. Because the Board concluded Yang did not establish past persecution, it did not presume Yang had a well-founded fear of persecution. The Board thus did not consider whether the government rebutted the presumption of a well-founded fear of persecution by showing changed country conditions. We remand to the Board to make this determination in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

**GRANTED AND REMANDED.**

---

[2] The Board also cited *Hoxha v. Ashcroft*, 319 F.3d 1179 (9th Cir. 2003), but *Hoxha* is easily distinguishable. *See id.* at 1182 ("The one incident of physical violence against Hoxha was not connected to any particular threat and there is no evidence indicating that the incident was officially sponsored. There is no evidence that the attackers knew who Hoxha was or that they showed any continuing interest in him; Hoxha lived in Kosovo for another six months following the attack without experiencing additional harm.").